UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DANIEL J. LITTLEFIELD, MICHAEL P. RAMO, ANDREA M. RAYBURN, COREY L. HOVIS, ANTHONY S. ALSUP, MARCUS D. PATE, CHRISTOPHER J. SCHOBER, WILLIAM R. SPENCE, ZACHARY J. OBERKIRSCH, CHRISTINE A. DENNON, JOSEPH F. BECKERING, CLIFFORD T. BELLVILLE, ADAM D. MERIDETH, and JERROLD B. ELAM, individually and on behalf of all others similarly situated,

       Plaintiffs,

v.

DEALER WARRANTY SERVICES, LLC

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**JURY TRIAL DEMANDED**

Case No. 4:09-cv-01000-DDN

## AMENDED COMPLAINT

Plaintiffs Daniel J. Littlefield, Michael P. Ramo, Andrea M. Rayburn, Corey L. Hovis, Anthony S. Alsup, Marcus D. Pate, Christopher J. Schober, William R. Spence, Zachary J. Oberkirsch, Christine A. Dennon, Joseph F. Beckering, Clifford T. Bellville, Adam D. Merideth, and Jerrold B. Elam, individually and on behalf of all others similarly situated, by their attorneys Butsch Simeri Fields LLC, state:

**Preliminary Statement**

1. Plaintiffs Daniel J. Littlefield, Michael P. Ramo, Andrea M. Rayburn, Corey L. Hovis, Anthony S. Alsup, Marcus D. Pate, Christopher J. Schober, William R. Spence, Zachary J. Oberkirsch, Christine A. Dennon, Joseph F. Beckering, Clifford T. Bellville, Adam D. Merideth, and Jerrold B. Elam, former employees of Defendant Dealer Warranty Services, LLC ("Defendant"), seek damages based on Defendant's violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 — 219 ("the Act").

2. Defendant employed Plaintiffs as telephone-sales representatives for workweeks longer than 40 hours, but did not compensate Plaintiffs for their work hours in excess of the 40 hours at a rate not less than one and one-half times the regular rate at which Plaintiffs were employed, in violation of 29 U.S.C. § 207.

3. As authorized by 29 U.S.C. §216(b), Plaintiffs bring this action on behalf of themselves and all persons who were employed by Defendant as telephone-sales representatives at Defendant's office in St. Charles County, Missouri at any time within the three years before the filing of this lawsuit until the date of this lawsuit's final disposition.

**Jurisdiction and Venue**

4. This Court has subject-matter jurisdiction over Plaintiffs' claims under 29 U.S.C. § 216(b), which grants district courts jurisdiction over claims brought under the Act. This Court also has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1337.

5. Defendant maintains and operates its sole business location at 3710 Mueller Road, St. Charles County, Missouri. Defendant employs and has employed dozens of workers in St. Charles County, Missouri. Therefore, this Court may properly assert personal jurisdiction over Defendant under Rule 4(k)1(A) of the Federal Rules of Civil Procedure, because Defendant would be subject to the jurisdiction of courts of general jurisdiction in Missouri.

6. Venue is proper under 29 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. Venue is also proper under 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district.

**Parties**

7. Plaintiff Daniel J. Littlefield is an individual who resides in Missouri. Littlefield was employed by Defendant as a telephone-sales representative from October 2006 until August 2008.

8. Plaintiff Michael P. Ramo is an individual who resides in Missouri. Ramo was employed by Defendant as a telephone-sales representative from March 2008 until April 2009.

9. Plaintiff Andrea M. Rayburn is an individual who resides in Missouri. Rayburn was employed by Defendant as a telephone-sales representative from February 2008 until February 2009.

10. Plaintiff Corey L. Hovis is an individual who resides in Missouri. Hovis was employed by Defendant as a telephone-sales representative from September 2006 until March 2009.

11. Plaintiff Anthony S. Alsup is an individual who resides in Missouri. Alsup was employed by Defendant as a telephone-sales representative from October 2006 until May 2008.

12. Plaintiff Marcus D. Pate is an individual who resides in Missouri. Pate was employed by Defendant as a telephone-sales representative from October 2006 until October 2008.

13. Plaintiff Christopher J. Schober is an individual who resides in Missouri. Schober was employed by Defendant as a telephone-sales representative from November 2006 until July 2009.

14. Plaintiff William R. Spence is an individual who resides in Missouri. Spence was employed by Defendant as a telephone-sales representative from May 2007 until November 2008.

15. Plaintiff Zachary J. Oberkirsch is an individual who resides in Missouri. Oberkirsch was employed by Defendant as a telephone-sales representative from November 2007 until May 2009.

16. Plaintiff Christine A. Dennon is an individual who resides in Missouri. Dennon was employed by Defendant as a telephone-sales representative from May 2008 until May 2009.

17. Plaintiff Joseph F. Beckering is an individual who resides in Missouri. Beckering was employed by Defendant as a telephone-sales representative from November 2006 until October 2008, and from February 2009 through the present.

18. Plaintiff Clifford T. Bellville is an individual who resides in Missouri. Bellville was employed by Defendant as a telephone-sales representative from November 2007 until October 2008.

19. Plaintiff Adam D. Merideth is an individual who resides in Missouri. Merideth was employed by Defendant as a telephone-sales representative from January 2007 until March 2009.

20. Plaintiff Jerrold B. Elam is an individual who resides in Missouri. Elam was employed by Defendant as a telephone-sales representative from December 2007 until July 2009.

21. Defendant is a limited-liability company in good standing, organized under Missouri law, with its principal place of business at 3710 Mueller Road, St. Charles, Missouri 63301.

22. Defendant is a seller of automobile warranties, also known as automobile service contracts. Defendant employs and has employed numerous individuals who sell automobile warranties by telephone from Defendant's offices in St. Charles County. Defendant sells to customers throughout the United States and Puerto Rico.

## Defendant's Violation of 29 U.S.C. § 207 for Failure to Pay Overtime

23. Plaintiffs adopt by reference the allegations of paragraphs 1 through 22.

24. In the three years prior to the filing of this lawsuit, Defendant employed dozens of telephone-sales representatives who sold automobile warranties by telephone.

25. Plaintiffs were among the telephone-sales representatives employed by Defendant.

26. During the course of their employment, Plaintiffs were engaged in commerce, or employed in an enterprise engaged in commerce.

27. Plaintiffs were paid by a Defendant a specified amount per each sale of an automobile warranty.

28. Plaintiffs were also paid a draw against commissions earned.

29. Plaintiffs are nonexempt hourly employees, and the work performed by them in selling automobile warranties by telephone is nonexempt work. Therefore, under 29 U.S.C. § 207, Defendant was required to compensate Plaintiffs at a rate not less than one and one-half times the regular rate at which they were employed for hours worked in excess of 40 hours per week.

30. Defendant routinely required Plaintiffs and others similarly situated to work hours in excess of 40 hours per week in the three years prior to the filing of this lawsuit.

31. In addition to requiring Plaintiffs to work hours in excess of 40 hours per week from Monday through Friday of each workweek, Defendant required Plaintiffs to work either two or three Saturdays each month.

32. Defendant failed to pay Plaintiffs and others similarly situated compensation for hours worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which they were employed.

33. By failing to pay Plaintiffs and others similarly situated compensation for hours worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which they were employed, Defendant violated 29 U.S.C. § 207.

34. Defendant's violations of 29 U.S.C. § 207 were willful because Defendant knew or should have known that it was obligated to pay Plaintiffs overtime compensation.

35. Defendant's employees complained to Defendant about its failure to pay them overtime. Despite repeated complaints, Defendant continued to willfully violate 29 U.S.C. §207.

36. As a result of Defendant's violation of 29 U.S.C. § 207, Plaintiffs have suffered damage in the amount of their lost overtime wages.

## Collective-Action Allegations

37. Plaintiffs are bringing this action both individually, and as a collective action, on behalf of all others similarly situated, as authorized by 29 U.S.C. § 216(b).

38. Plaintiffs bring this action on behalf of themselves and all persons who were employed by Defendant as telephone-sales representatives at Defendant's office in St. Charles County, Missouri at any time within the three years before the filing of this lawsuit until the date of this lawsuit's final disposition.

39. The Plaintiffs and the putative-plaintiff class are similarly situated because they have substantially similar job requirements, pay provisions, and are all subject to Defendant's practice of failing to pay overtime compensation.

40. The number and identity of other plaintiffs yet to be named who are similarly situated employees of Defendant are determinable from the records of Defendant and may readily be notified of the pendency of this action.

41. As a direct result of Defendant's failure to pay Plaintiffs and the putative plaintiffs employed by Defendant as telephone-sales representatives overtime compensation as required by 29 U.S.C. § 207, Plaintiffs and the putative plaintiffs have suffered damage.

## Demand for Judgment

WHEREFORE, Plaintiffs request that the Court provide the following relief:

a. Certify this action as a collective action;

b. Appoint the named Plaintiffs as class representatives;

c. Appoint Butsch Simeri Fields LLC as counsel for the class;

d. Order issuance of notice of this action to Defendant's employees similarly situated to Plaintiffs;

e. Award Plaintiffs, individually, and on behalf all those similarly situated, all damages available under the Act, including actual damages including the amount of their

   unpaid overtime compensation, an equal amount as liquidated damages, attorney fees, pre-judgment interest, post-judgment interest, costs and expenses, and all other relief that is just.

f.  Award Plaintiffs, as class representatives, appropriate compensation for having performed the duties of a representative;

g.  Award counsel for the class reasonable attorney fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

h.  Enjoin Defendant from requiring telephone-sales representatives to work in excess of 40 hours in any workweek without paying them one and one-half times their regular hourly rate for each such hour worked; and

i.  Award all other relief to which Plaintiffs and the class may be entitled.

**JURY TRIAL DEMANDED**

**BUTSCH SIMERI FIELDS LLC**

By: /s/ David T. Butsch
David T. Butsch, #2760
James J. Simeri, #102201
231 S. Bemiston, Ste. 260
Clayton, MO 63105
(314) 863-5700
(314) 863-5711 (fax)
butsch@bsflawfirm.com
simeri@bsflawfirm.com

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I certify that on August 10, 2009, this paper was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system as follows:

| Party | Counsel |
|---|---|
| Defendant Dealer Warranty Services, LLC | Robert D. Blitz<br>Christopher O. Bauman<br>Jason K. Turk<br>BLITZ, BARDGETT & DEUTSCH, L.C.<br>120 S. Central Ave., Ste. 1650<br>St. Louis, MO 63105<br>314.863.1500<br>314.863.1877 (fax)<br>rblitz@blitzbardgett.com<br>cbauman@blitzbardgett.com<br>jturk@blitzbardgett.com |

                                                            /s/ David T. Butsch