UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL J. LITTLEFIELD, et al., individually and on behalf of all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:09-cv-01000-DDN ) |
| DEALER WARRANTY SERVICES, LLC | ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION AND NOTICE PURSUANT TO 29 U.S.C. § 216(b)

Plaintiffs Daniel J. Littlefield, et al., ("the named Plaintiffs")[1] move for an order granting their motion for conditional class certification and notice pursuant to 29 U.S.C. § 216(b). In support of their motion, the named Plaintiffs submit the following memorandum in support.

## I.    Background

The named Plaintiffs, all current or former employees of Defendant Dealer

---

[1] There are 14 named Plaintiffs: Daniel J. Littlefield, Michael P. Ramo, Andrea M. Rayburn, Corey L. Hovis, Anthony S. Alsup, Marcus D. Pate, Christopher J. Schober, William R. Spence, Zachary J. Oberkirsch, Christine A. Dennon, Joseph F. Beckering, Clifford T. Belleville, Adam D. Merideth, and Jerrold B. Elam. As required by 29 U.S.C. § 216(b), all named Plaintiffs except Joseph Beckering have filed consent forms to serve as named Plaintiffs.

Warranty Services, LLC, ("DWS") bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, to recover unpaid overtime and other damages. As set forth in their amended complaint, the named Plaintiffs allege that they were employed by DWS as telephone-sales representatives, worked more than 40 hours per week and were not paid overtime.

The named Plaintiffs move for conditional certification of the following class:

> All telephone-sales representatives employed by DWS at anytime from August 20, 2006 through the present date.

For the reasons discussed below, the named Plaintiffs' motion for class certification and notice pursuant to 29 U.S.C. §216(b) should be granted. All allegations and facts necessary for conditional certification under the FLSA are established. More importantly, this is precisely the type of action that Congress intended the FLSA conditional-certification procedure to apply to — numerous similarly-situated employees acting on a collective basis to recover compensation to which they are lawfully entitled. *See Hoffman-LaRoche, Inc., v. Sperling,* 493 U.S. 165, 170 (1989) ("Congress has stated its policy that [FLSA] plaintiffs should have the opportunity to proceed collectively"); *Braunstein v. Eastern Photographic Laboratories,* 600 F.2d 335, 336 (2d Cir. 1979) (notice to potential plaintiffs "comports with the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding a multiplicity of suits").

II. **Argument**

The proposed class should be conditionally certified because the members of

the putative plaintiff class are similarly situated. Unlike class certification under Rule 23(b) of the Federal Rules of Civil Procedure, which requires a showing of numerosity, typicality, superiority, and adequacy, the FLSA-certification procedure requires only that the named plaintiffs and members of the proposed class be "similarly situated." 29 U.S.C. § 216(b). Further, class members must affirmatively opt-in to become parties. *Thiessen v. General Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).

Although the Eighth Circuit has not adopted a standard to determine what constitutes "similarly situated" under § 216(b), the majority of courts apply a two-step procedure where a class is first conditionally certified, and later, following the development of a factual record, the court determines whether the plaintiffs are similarly situated and the merits of the case. *See Greenwald v. Phillips Home Furnishings Inc.*, Case No. 4:08-cv-1128 CDP, 2009 WL 259744 at *4 (E.D. Mo. Feb. 3, 2009); *Schleipfer v. Mitek Corp.*, Case No. 1:06-cv-0109 CDP, 2007 WL 2485007 (E.D. Mo. Aug. 29, 2007); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 1159 (D. Minn. 2007).

The burden for establishing that the putative plaintiffs are "similarly situated" for purposes of certification at the notice stage is "not onerous." *Mooney v. Araco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (standard "is a lenient one")**;** *Dietrech v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 577 (N.D. Iowa 2005). The showing may be made by pleadings and affidavits. *Camper v. Home Quality Management, Inc.*, 200 F.R.D. 516, 529 (D. Md. 2000); *Allen v. Marshall Field & Co.*,

3

93 F.R.D. 438, 442-45 (N.D. Ill. 1982). At this stage, plaintiffs are required to establish that they are victims of a common policy or practice of the employer. *Hunter v. Sprint Corp.*, 346 F.Supp.2d 113 (D.D.C. 2004); *Flores v. Lifeway Foods, Inc.*, 289 F.Supp.2d 1042 (N.D. Ill. 2003).

This low threshold for conditional certification is consistent with the manner in which the statute of limitations is applied in FLSA-collective action cases. Unlike motions for class certification under Rule 23(b), the limitations period in FLSA-collective actions continue to run until the prospective class member "opts-in" by signing a "consent to join" form. *See Cahill v. City of New Brunswick*, 99 F.Supp.2d 464, 479 (D. N.J. 2000) ("Until the non-named plaintiff[s] file the prerequisite written consents with this court, they are not considered joined to a collective action and the statute of limitations on their claims is not tolled"). Thus, because the putative plaintiffs' claims diminish with the passage of time, it is important that a class-certification determination be made early in the litigation.

In this case, Plaintiffs have submitted three supporting declarations, each from former telephone-sales representatives employed by DWS.[2] These declarations show that all the telephone-sales representatives employed by DWS were paid in the same manner and were not compensated at a rate of time and one-half for overtime hours. All telephone-sales representatives were required to work two or three Saturdays per month in addition to a five-day workweek. This was a common policy

---

[2] *See* Ex. 1, Dec. of Daniel J. Littlefield; Ex. 2, Dec. of Corey Hovis; Ex. 3, Dec. of Donald Houston.

of DWS applied to all telephone-sales representatives.

Because the declarations, taken together with the allegations of Plaintiffs' amended complaint, clearly exceed the "low threshold" required for conditional certification under 28 U.S.C. § 216(b), the proposed class should be conditionally certified. Indeed, courts regularly certify FLSA cases brought by "call center" employees. *See*, *e.g. Burch v. Quest Comm. Int'l, Inc.*, 500 F.Supp.2d 1181 (D. Minn. 2007); *Sherrill v. Sutherland Global Servs., Inc.*, 487 F.Supp.2d 344 (W.D.N.Y. 2007); *Norman v. Dell, Inc.*, Case No. 07-6028-TC, 2008 WL 2899722 (D. Or. July 10, 2008).

Plaintiffs also request that the Court approve the proposed form of notice attached as Exhibit 4. The notice is to be sent to all telephone-sales representatives who worked for DWS from August 15, 2006 to the present. The maximum statutory period for an FLSA claim is three years, 29 U.S.C. § 255, and as noted previously, the limitations period continues to run until putative members file their consent-to-join forms. 29 U.S.C. § 256.

A proposed consent-to-join form is submitted as Exhibit 5. Plaintiffs request that the Court approve the use of this form.

Plaintiffs also request that DWS be ordered to produce a list of the names and addresses of all persons employed by DWS as telephone-sales representatives from August 20, 2006 to the present.

For the foregoing reasons, Plaintiffs request that their motion for conditional certification and notice pursuant to 29 U.S.C. 216(b) be granted.

**BUTSCH SIMERI FIELDS LLC**

By: /s/ David T. Butsch
David T. Butsch, #2760
James J. Simeri, #102201
231 S. Bemiston, Ste. 260
Clayton, MO 63105
(314) 863-5700
(314) 863-5711 (fax)
butsch@bsflawfirm.com
simeri@bsflawfirm.com

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I certify that on August 20, 2009, this paper was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system as follows:

| Party | Counsel |
|---|---|
| Defendant Dealer Warranty Services, LLC | Robert D. Blitz<br>Christopher O. Bauman<br>Jason K. Turk<br>BLITZ, BARDGETT & DEUTSCH, L.C.<br>120 S. Central Ave., Ste. 1650<br>St. Louis, MO 63105<br>314.863.1500<br>314.863.1877 (fax)<br>rblitz@blitzbardgett.com<br>cbauman@blitzbardgett.com<br>jturk@blitzbardgett.com |

/s/ David T. Butsch