```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION


DANIEL J. LITTLEFIELD, et. al.,   )
                                  )
              Plaintiffs,         )
                                  )
        v.                        )       No. 4:09 CV 1000 DDN
                                  )
DEALER WARRANTY SERVICES, LLC     )
                                  )
              Defendant.          )
```

**MEMORANDUM AND ORDER**

This action is before the court on the motion of plaintiffs, Daniel J. Littlefield, and others, to conditionally certify a class. (Doc. 16.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 14.)

## I. BACKGROUND

On June 26, 2009, the plaintiffs, Daniel Littlefield, and others, commenced this action against Dealer Warranty Services, LLC (DWS), under the Fair Labor Standards Act (FLSA). (Doc. 1.)

According to the amended complaint, the plaintiffs worked as telephone sales representatives for DWS, selling automobile warranties. (Doc. 15 at ¶¶ 2, 24.) The plaintiffs allege that DWS routinely required the plaintiffs, and others similarly situated, to work over forty hours a week, but that they failed to pay the plaintiffs an overtime rate for this work. (Id. at ¶¶ 29-32.) As a result, the plaintiffs allege that DWS violated § 207 of the FLSA, and that this violation was willful. (Id. at ¶¶ 33-35.) The plaintiffs seek to bring this action on behalf of themselves, and other similarly situated DWS employees, for the period extending from three years before the filing of the lawsuit, until the lawsuit's conclusion. (Id. at ¶¶ 37-38.) DWS denies the allegations. (Doc. 23.)

## II. MOTION TO CONDITIONALLY CERTIFY A CLASS

The plaintiffs move to conditionally certify a class under 29 U.S.C. § 216(b). The plaintiffs argue that the members of the proposed class are all similarly situated, and that they are the victims of a common practice by their employer. The plaintiffs also note that the FLSA certification procedure is not onerous, and that class members must affirmatively opt-in. As part of their motion, the plaintiffs request that the court approve their notice form (Doc. 17, Ex. 4) and their consent to join form (Doc. 17, Ex. 5). The plaintiffs argue that their proposed forms comply with the caselaw. (Docs. 17, 26.)

In response, DWS argues that the plaintiffs have failed to show that they and the putative plaintiffs are similarly situated. First, DWS argues that the plaintiffs' supporting declarations contain inadmissible hearsay, are conclusory, and fail to demonstrate the similarity of the proposed class. Second, DWS argues that David Littlefield and Corey Hovis were team leaders, were paid differently than the proposed class members, and therefore are not similarly situated to proposed class members. The company argues that Christine Dennon, another named plaintiff, also did not work as a typical sales agent. In addition to these arguments, DWS objects to the nature of the plaintiffs' notice form and consent to join form. (Doc. 24.)

### III. DISCUSSION

Under the Fair Labor Standards Act, an employer may not subject non-exempt employees to a work week longer than forty hours, unless the employees are compensated for the overtime hours at a rate that is one and a half times their regular hourly wage. 29 U.S.C. § 207; Schleipfer v. Mitek Corp., No. 1:06 CV 109 CDP, 2007 WL 2485007, at *2 (E.D. Mo. Aug. 29, 2007). An employer who violates § 207 shall be liable to the employees affected for twice the amount of unpaid overtime compensation. 29 U.S.C. § 216(b). Any employee may bring an action under § 216(b), and the employee may do so on his own behalf, as well as for those "employees similarly situated." Id.

Within the Eighth Circuit, the district courts conduct a two-step analysis to determine whether employees are "similarly situated." Jost v. Commonwealth Land Title Ins. Co., No. 4:08 CV 734 CDP, 2009 WL

211943, at *2 (E.D. Mo. Jan. 27, 2009). During the first step, the notice stage, the plaintiffs seek early conditional class certification. Id. During the second step, the merits stage, the defendants move to decertify the class. Schleipfer, 2007 WL 2485007, at *3.

The plaintiffs' burden at the notice stage is not onerous. Id. "Conditional certification at the notice stage requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Id. During the notice stage, this standard does not require all the plaintiffs to actually be similarly situated. Id. The plaintiffs can satisfy their burden through the use of affidavits, supported by admissible evidence. Jost, 2009 WL 211943, at *2-3. The plaintiffs may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations. Id. If the plaintiffs satisfy this first burden, the court conditionally certifies the class, and potential class members are given notice and the opportunity to opt-in. Schleipfer, 2007 WL 2485007, at *3.

At the merits stage, the defendants typically move to decertify the class. Id. This process usually occurs after the close of discovery. Id. During this stage, the court must determine whether the plaintiffs are, in fact, similarly situated. Id. "To be similarly situated, however, class members need not be identically situated." Id.

**Supporting Affidavits**

In a typical case, the court decides whether to conditionally certify a class based solely on the plaintiffs' affidavits. Huang v. Gateway Hotel Holdings, 248 F.R.D. 225, 227 (E.D. Mo. 2008). In this case, David Littlefield has declared that he regularly worked over forty hours a week without receiving overtime pay. (Doc. 17, Ex. 1 at ¶¶ 3,6.) He also notes that there were about forty or fifty employees working as sales representatives at any given time. (Id. at ¶ 8.) In his affidavit, Corey Hovis notes that all the sales representatives worked in the same area, doing the same thing, and were compensated in the same manner. (Doc. 17, Ex. 2 at ¶¶ 3, 5.) In particular, he notes that "written announcements concerning any changes in the commission

program would be made to all sales representatives." (Id. at ¶ 6.) He also declares that he regularly worked over forty hours a week without receiving overtime pay. (Id. at ¶ 4.) In his affidavit, Donald Houston declares that he regularly worked over forty hours a week without receiving overtime pay. (Doc. 17, Ex. 3 at ¶¶ 3-4.) Part of this overtime included working two to three Saturdays a month. (Id. at ¶ 4.) According to Houston, DWS modified its work requirements in 2009. (Id. at ¶ 5.) Under the new policy, sales representatives still had to work certain Saturdays, but would receive a work day off in exchange. (Id.)

Looking to these affidavits, the plaintiffs have made substantial allegations that the putative class members were similarly situated, and were the victims of a single decision, policy or plan. In separate affidavits, David Littlefield, Corey Hovis, and Donald Houston each declare that they worked over forty hours a week, but were not paid overtime wages for this work. The affidavits also allege that there were several other sales representatives, that these representatives performed the same task, and that they were all compensated in the same manner. The affidavits also allege that DWS issued company-wide announcements and policies when it made changes to its employees' compensation program or work requirements. At this stage in the proceedings, the plaintiffs have adequately alleged that the work they performed was similar to the work of the class they seek to represent. The class will be conditionally certified.

DWS argues that Littlefield and Hovis were team leaders, and that they were paid differently than other sales representatives. Yet, in their affidavits, Littlefield and Hovis declare that they were paid the same as all the other telephone sales representatives, despite being team leaders. (Doc. 17, Ex. 1 at ¶ 7; Doc. 17, Ex. 2 at ¶ 8.) This dispute goes to the merits of the case, and need not be decided at the notice stage. See Schleipfer, 2007 WL 2485007, at *4 (noting that the question of whether the plaintiff was a managerial employee was to be reserved for the merits stage).

**Notice to Potential Class Members**

DWS objects to several aspects of the plaintiffs' proposed notice. First, DWS argues that the proposed notice inappropriately solicits plaintiffs, and that a neutral administrator should issue the notice. Second, DWS argues that the plaintiffs should not have access to a list of current and former employees. Third, DWS argues that the statute of limitations period should be two years, instead of three years. Fourth, DWS argues that the notice form should inform potential plaintiffs of the possible costs they might incur. Fifth, DWS argues that the plaintiffs should bear the cost of providing notice.

The FLSA requires that notice to potential plaintiffs be "accurate and timely," giving potential plaintiffs the chance to make informed decisions about whether to participate. Martinez v. Cargill Meat Solutions, No. 4:09 CV 3079, 2009 WL 5034479, at *8 (D. Neb. Dec. 11, 2009). The district courts must approve both the content and method of disseminating notice to potential class members. Id. This oversight ensures that notices are timely, accurate, and informative, and helps prevent later disputes. Id. At the same time, the court must be cautious to avoid endorsing, or appearing to endorse, the merits of the underlying claim. Id. Finally, the court should not alter plaintiff's proposed notice, unless certain changes are necessary. Creten-Miller v. Westlake Hardware, Inc., Civil Action No. 08-2351-KHV, 2009 WL 2058734, at *2 (D. Kan. July 15, 2009).

In this case, the plaintiffs' proposed notice is based on a notice approved by Chief Judge Catherine Perry of this court. Compare (Doc. 17, Ex. 4), with (Doc. 26, Ex. 1), and Greenwald v. Phillips Home Furnishings Inc., No. 4:08 CV 1128 CDP, 2009 WL 259744, at *7 (E.D. Mo. Feb. 3, 2009). In Greenwald, the notice invited potential plaintiffs to discuss the lawsuit with the plaintiffs' counsel. (Doc. 26, Ex. 1 at 14.) In Huang, Judge Richard E. Webber of this court approved a notice issued by plaintiffs' counsel, that contained two separate paragraphs listing the attorneys' contact information. (Doc. 26, Ex. 4 at 24, 26); Huang, 248 F.R.D. at 228-29. Accordingly, the court does not find that the proposed notice inappropriately solicits potential plaintiffs. The court will not appoint a neutral administrator to issue the notice. See Ruggles v. Wellpoint, Inc., 591 F. Supp. 2d 150, 163

(N.D.N.Y. 2008) (denying defendant's request for a third-party administrator to collect the names and addresses of putative class members).

To insure that potential plaintiffs receive "accurate and timely" notice, courts frequently order the defendant to disclose the names of potential plaintiffs to plaintiffs' attorneys. See e.g. Martinez, 2009 WL 5034479, at *11; Fast v. Applebee's Int'l, Inc., 243 F.R.D. 360, 364 (W.D. Mo. 2007); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 108 (S.D.N.Y. 2003). Accordingly, DWS shall provide the plaintiffs' attorneys with the names and home addresses of all employees who may be potential plaintiffs in this case. However, DWS shall not disclose the employees' personal telephone numbers or social security numbers unless ordered by the court. See Martinez, 2009 WL 5034479, at *11 (denying plaintiffs' request for personal phone numbers and social security numbers); Houston v. URS Corp., 591 F. Supp. 2d 827, 836 (E.D. Va. 2008) (denying plaintiffs' request for personal phone numbers).

FLSA violations are subject to a three-year statute of limitations if the violation is willful, and a two-year statute of limitations if the violation is not willful. 29 U.S.C. § 255(a); Fast, 243 F.R.D. at 364. For timing purposes, an action is commenced under the FLSA when the party files suit. Fast, 243 F.R.D. at 364. In the case of a collective action, the action is commenced when a party files his or her written consent to join. Id.

In his affidavit, Littlefield asserted that Management at DWS had received complaints about failing to award overtime pay. (Doc. 17, Ex. 1 at ¶ 8.) Whether a violation is willful is an issue of fact, often addressed during summary judgment or at trial. Houston, 591 F. Supp. 2d at 835. In addition, judicial economy is served by conditionally certifying a larger, more inclusive class, at this stage in the proceedings. Id. Accordingly, the statute of limitations is a three-year period.

Finally, DWS requests that the notice inform potential plaintiffs of the possible costs they might incur by joining the lawsuit. Because

this notice might discourage plaintiffs from joining the litigation, the request is denied.  See Martinez, 2009 WL 5034479, at *9 (denying a similar request).

The plaintiffs' proposed notice to potential class members is therefore approved, pending one correction.  In section 10, the plaintiffs shall delete the word "District," so that the phrase reads "Eastern District of Missouri, Eastern Division."  The plaintiffs' proposed consent to join form is approved.

### IV.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of plaintiffs, Daniel J. Littlefield, and others, to conditionally certify a class (Doc. 16) is sustained.

**IT IS FURTHER ORDERED** that defendant Dealer Warranty Services, LLC shall provide the plaintiffs' attorneys with the names and home addresses of all employees who may be potential plaintiffs in this case by February 19, 2009.  Potential plaintiffs are all current and former telephone-sales representatives, who were employed by Dealer Warranty Services, LLC, at any time from August 20, 2006, to the present.

**IT IS FURTHER ORDERED** that the court accepts the plaintiffs' proposed opt-in period of sixty days.  See Morden v. T-Mobile USA, Inc., No. C05-2112 RSM, 2006 WL 2620320, at *4 (W.D. Wash. Sept. 12, 2006).

**IT IS FURTHER ORDERED** that the plaintiffs' proposed notice to potential class members is therefore approved, pending one correction. Plaintiffs shall delete the word "District," in section 10, so that the phrase reads "Eastern District of Missouri, Eastern Division."  The plaintiffs shall bear the cost of providing notice.

**IT IS FURTHER ORDERED** that the plaintiffs' proposed consent to join form is approved.

　　　　　　　　　　　　　　　　　　/S/   David D. Noce
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on January 15, 2010.