UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL J. LITTLEFIELD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:09 CV 1000 DDN |
| ) | |
| DEALER WARRANTY SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This action is before the court on the motion of plaintiffs, Daniel J. Littlefield, and others, for sanctions for the failure of defendant Dealer Warranty Services, LLC (DWS), to comply with discovery rules, for DWS's motion to amend the scheduling order, and for plaintiffs' motion to quash. (Docs. 63, 75, 80.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 14.) A hearing was held on August 4, 2010.

**Discovery Timeline**

On June 26, 2009, plaintiffs brought suit against DWS, alleging DWS violated the Fair Labor Standards Act by failing to properly compensate plaintiffs for their overtime work. (Doc. 1 at 2.) On August 20, 2009, plaintiffs filed a motion to conditionally certify a class, (Doc. 16), which this court granted on January 15, 2010. (Doc. 33.) On October 2, 2009, this court held a Rule 16 Conference, after which this court issued a Case Management Order. (Doc. 31.) The Case Management Order provides, inter alia, that "[t]he parties shall make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P., no later than November 2, 2009."[1] (Id. at 1.)

---

[1] Although the original Case Management Order was amended on February 18, 2010 (Doc. 35) and on May 11, 2010 (Doc. 60), neither amendment altered the Rule 26(a)(1) disclosure deadline.

On August 10, 2009, plaintiffs notified DWS of the importance of information, stored electronically and in DWS's possession, relating to plaintiffs' shift times. (Doc. 64, Ex. 1.) On November 2, 2009, DWS responded to plaintiffs' discovery requests by making numerous disclosures and objections, (Doc. 65, Ex. A), but did not indicate which material was disclosed pursuant to the automatic disclosure provisions of Rule 26. (Id.) The next day, plaintiffs contacted DWS, seeking independent Rule 26 disclosures. (Doc. 65, Ex. B.) DWS specifically disclosed the Rule 26 material the following day, November 4, 2009. (Doc. 64 at 3; Doc. 65 at 2.)

On April 30, 2010, plaintiffs contacted DWS to determine whether DWS was going to withdraw its objection to plaintiffs' discovery request regarding plaintiffs' time sheets and other information relating to times and dates which plaintiffs worked. (Doc. 65, Ex. A, D.) Four days later, on May 3, 2010, DWS responded, explaining that it had only objected to the discovery request because the individual plaintiffs were not then known, and offering to withdraw its objection as to the named plaintiffs in the Amended Petition. (Doc. 65, Ex. E.) In its May 10, 2010, Motion to Amend the Case Management Order, (Doc. 59), plaintiffs stated that the opt-in period was over, and that DWS recently waived its previous objection to, and had agreed to produce, documents regarding plaintiffs' time records. (Doc. 59 at 1-2.)

At a meeting on May 26, 2010, DWS disclosed a paper document reflecting a small portion of the electronically stored shift information sought by plaintiffs. (Doc. 64 at 3; Doc. 65 at 3.) This document was created on April 29, 2010. (Doc. 64, Ex. 2.) DWS ultimately disclosed all the electronically stored shift information, totaling 1001 pages, on June 3, 2010. (Doc. 64 at 3; Doc. 65 at 3.)

Plaintiffs argue that DWS violated Fed. R. Civ. P. 26(a)(1)(A)(ii) in failing to timely disclose the electronically stored shift information. (Docs. 63, 64.) Plaintiffs seek to bar the introduction of the electronically stored shift information, and attorney's fees, as sanctions under Fed. R. Civ. P. 37(c)(1). (Id.)

**Federal Rule of Civil Procedure 26(a)(1)(A)(ii)**

Fed. R. Civ. P. 26(a)(1)(A) requires that parties make certain initial disclosures "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1)(A). Among these required initial disclosures is the requirement that each party disclose:

> a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed. R. Civ. P. 26(a)(1)(A)(ii).

The parties do not dispute that the electronically stored shift information is within the scope of Rule 26(a)(1)(A)(ii). (Docs. 64, 65.) Neither do the parties dispute that, at a minimum, DWS had the ability to disclose "a description, by category and location" of the electronically stored shift information.[2] (Id.) Rather, the parties disagree over whether DWS's disclosure was sufficient to comply with Rule 26. (Id.) Plaintiffs argue that DWS did not properly disclose the material, (Docs. 64, 66), while DWS argues that it did properly disclose the material, that plaintiffs had impliedly recognized the existence of the documents, and that the delay in full disclosure was attributable to discussions and objections between the parties. (Doc. 65 at 2-3, 7.)

**DWS's Disclosure**

In its November 4, 2009 Rule 26(a)(1) disclosure, DWS disclosed the following information:

> See documents produced in response to Requests for Production of Documents. Plaintiffs' payroll information is stored

---

[2]The parties dispute statements made during the deposition of DWS's records custodian. (Docs. 65 at 7-9, 66 at 4-5.) The custodian's statements refer to the ability of DWS to produce tangible copies of the electronically stored shift information, which are not necessarily required by Rule 26(a)(1)(A)(ii), and thus not determinative of the issue at bar. (Doc. 65, Ex. F at 4-6.)

electronically at 3710 Mueller Rd., St. Charles, MO 63301.

(Doc. 65, Ex. C at 2.)

As to the "documents produced in response to Requests for Production of Documents" portion of the response, DWS has failed to show any specific disclosure it made prior to the required initial disclosure deadline which would have satisfied the Rule 26(a)(1)(A)(ii) requirements.

However, DWS further argues that plaintiff impliedly acknowledged the existence of the electronically stored shift information through its discovery requests, motions to the court, and conversations with DWS. (Doc. 65 at 1-5.) DWS points to plaintiffs' discovery request for time sheets, (Doc. 65, Ex. A), plaintiffs' April 30, 2010, letter, (Doc. 65, Ex. D), plaintiffs' May 10, 2010 Motion to Amend the Case Management Order, (Doc. 59), and the May 27, 2010 joint Motion for Protective Order. (Doc. 61.)

None of these documents, however, contain any specific disclosure by DWS as to the existence of electronically stored shift information. Although a party need not necessarily disclose copies of documents to satisfy Rule 26(a)(1)(A)(ii), a party still must provide "a description by category and location" of the documents. Fed. R. Civ. P. 26(a)(1)(A)(ii). Even if a vague reference to external documents containing the required information would be sufficient, because DWS failed to provide "a description by category and location" in any document before the Rule 26(a)(1) deadline that could have been referenced in its response, DWS did not satisfy Rule 26 by reference to an outside document or documents. Therefore, this portion of DWS's response did not satisfy the required initial disclosure requirement of Rule 26(a)(1)(A)(ii).

As to the "payroll information" portion of the response, DWS argues that it gave plaintiffs the proper category and location of the electronically stored shift information, thus satisfying Rule 26. (Doc. 65 at 4-5.) Plaintiffs argue that the description DWS gave is insufficient because it does not accurately categorize the documents sought. (Doc. 66 at 3-4.)

- 4 -

In the 1993 Amendment to Rule 26, the Advisory Committee explained that "[t]he greater the specificity and clarity of the allegations in the pleadings, the more complete should be the listing of potential witnesses and types of documentary evidence." Fed. R. Civ. P. 26 advisory committee's note (1993). In their complaint, plaintiffs allege that DWS "did not compensate [plaintiffs and other similarly situated employees] time and one-half as compensation for overtime hours in violation of the Fair Labor Standards Act." (Doc. 1 at ¶ 22.) Plaintiffs' allegations were both specific and clear, and DWS was required to completely and accurately disclose the existence of records of plaintiffs' hours worked. Fed. R. Civ. P. 26(a)(1)(A)(ii). Thus, the inquiry focuses on whether DWS's disclosure was sufficiently complete.

Black's Law Dictionary defines "payroll" as: "1. A list of employees to be paid and the amount due to each of them. 2. The total compensation payable to a company's employees for one pay period." Black's Law Dictionary 1244 (9th ed. 2009). The electronically stored shift information provides a listing of each employee, noted by his or her agent number, and his or her shift hours. (Doc. 64, Ex. 2.) This information does not contain, for example, employee pay rates, the amount due to each employee, or anything specific to "payroll information" beyond a listing of each employee's hours worked. (Id.) Given the importance of the evidence and the specificity with which plaintiffs sought disclosure, DWS should have provided a more specific description of the electronically stored shift information.

Therefore, although the description provided by DWS is not wholly misleading or facially deficient, it did not fully satisfy the requirements of Rule 26(a)(1)(A)(ii).

**Federal Rule of Civil Procedure 37(c)(1)**

Fed. R. Civ. P. 37(c)(1) "gives teeth" to Rule 26(a) requirements by providing for sanctions in the event of a Rule 26(a) violation. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Potential Rule 37(c)(1) sanctions include barring a party from using the non-disclosed information on a motion, at a hearing, or at

trial. Fed. R. Civ. P. 37(c)(1). Plaintiffs seek to bar DWS from using the electronically stored shift information and they seek their attorney's fees for bringing the motion for sanctions. (Docs. 63, 64.) The imposition of sanctions, however, is only appropriate if the failure to disclose was not "substantially justified or [] harmless." Fed. R. Civ. P. 37(c)(1).

**Harmlessness**

To determine whether the failure to comply with Rule 26(a) is harmless, courts consider four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." Texas A&M Research Foundation v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003). Cf. Citizens Bank of Batesville, Arkansas v. Ford Motor Co., 16 F.3d 965, 966-67 (8th Cir. 1994); Insignia Systems, Inc. v. News America Marketing In-Store, Inc., 661 F.Supp.2d 1039, 1052-53 (D. Minn. 2009).[3] The burden lies on the non-disclosing party to show that its failure to comply with discovery rules was harmless. Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001).

---

[3]Other circuits have adopted similar tests for Rule 37(c)(1)(A) harmlessness. See Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596-97 (4th Cir. 2003) (applying a five factor test: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence"); MicroStrategy Inc. v. Business Objects, S.A., 429 F.3d 1344, 1357 (Fed. Cir. 2005) (same); Nicholas v. Pennsylvania State University, 227 F.3d 133, 148 (3d Cir. 2000) (applying a different four factor test: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation"); Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (same). The result in the case at bar is the same regardless of which test is applied.

Here, the electronically stored shift information is central to, and possibly determinative of, the result of the case. Given that the parties dispute whether plaintiffs were properly compensated for overtime hours, (Doc. 1 at ¶ 22), the amount and dates of hours plaintiffs worked are critically important. In Citizens Bank of Batesville, Arkansas, the Eighth Circuit upheld the district court's decision to allow witness testimony, despite untimely disclosure, because excluding the testimony "would have been a perversion of the trial process as a search for the truth and could have resulted in a miscarriage of justice." Citizens Bank of Batesville, Ark., 16 F.3d at 967. Excluding the electronically stored shift information could undermine the truth-seeking function of the trial.

In addition, there will be little or no prejudice to plaintiffs by allowing the evidence. By order issued herewith, the court extends the discovery closure deadline to November 15, 2010.[4] This will allow plaintiffs considerable time to examine the electronically stored shift information. In addition, the record indicates that plaintiffs were aware that their employer kept records of their hours of employment. (Docs. 65 at 1-3; 65, Ex. A, Ex. D; 59; 61.) Although the phrase "payroll information" by itself is insufficient to accurately categorize this information under Rule 26, given the circumstances of the case and the information sought, this description gave plaintiffs notice of the location of the information and confirmed the existence of the information. In sum, the prejudice to plaintiffs in allowing the evidence is minimal and significantly outweighed by the probative value of the evidence.

Similarly, any prejudice can be cured by the continuance the court orders herewith. Both in their brief and at the August 4, 2010, hearing, plaintiffs argued that, if the electronically stored shift information is allowed, they would need additional time to consider the disclosed material. Beyond delay, plaintiffs have not articulated any other prejudice DWS's delay in disclosure has caused them.

---

[4]The parties are advised that the Third Amended Case Management Order, issued herewith, also modifies the scheduling of the dispositive motion and expert opinion motion filing deadlines and hearing date.

Furthermore, plaintiffs possessed tangible copies of the electronically stored shift information two months before the earlier close of discovery. DWS's disclosure, although ultimately deficient, has not been proven to have been motivated by bad faith.

Therefore, the court concludes that DWS's failure to disclose is harmless.

**Motion to Amend the Scheduling Order**

DWS moves to amend the scheduling order to provide additional time to compile and format the electronically stored shift information in spreadsheet format and to prepare expert witness reports. (Doc. 75.) DWS has been has been sharing this information with plaintiffs in an effort to reduce costs and attorney's fees and to hasten the availability of the information to the parties. (Id.) Plaintiffs oppose DWS's motion, arguing that DWS has not shown good cause to amend the scheduling order. (Doc. 77.)

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006). See also Fed. R. Civ. P. 16 advisory committee's note (1983) ("[T]he court may modify the schedule on a showing of good cause if [the schedule] cannot reasonably be met despite the diligence of the party seeking the extension."). The court must also look to "[t]he existence or degree of prejudice to the party opposing the modification." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Given that the electronically stored shift information encompasses 1,001 pages, DWS's objection involving the information was not withdrawn until May 3, 2010, and DWS only needs one additional month to compile and process the information, share the information with plaintiffs, and analyze the information to effectively prepare and depose expert witnesses, DWS has shown good cause for the modification. Because DWS has been diligent, the inquiry shifts to evaluate any potential

prejudice to plaintiffs. Bradford, 249 F.3d 809. The only prejudice plaintiffs argue is that an extension would delay the resolution of the case. (Doc. 77 at 5.) However, under DWS's proposed amended case management order, the trial date remains the same. (Doc. 75-1.)

Thus, plaintiffs have not shown that they would be prejudiced if the extension was granted. Cf. Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1065 (8th Cir. 2005) (finding that typically "[d]elay alone is insufficient justification" to deny a party's motion to amend the party's pleading) (quoting Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)).

Plaintiffs cite to Martin v. Holloran, No. 4:05CV01857 AGF, 2010 WL 2735569, at *1 (E.D. Mo. July 9, 2010). Martin is inapplicable, however, because the plaintiffs in Martin sought to amend their complaint two months before trial. Id. Unlike the plaintiffs in Martin, DWS only seeks to amend the scheduling order, does not seek to delay the trial date, made the request before the end of discovery, and filed its motion six months before trial. (Doc. 75.) Martin is thus inapplicable.

DWS argues, and the court notes, that plaintiffs have twice moved to amend the scheduling order.[5] (Docs. 34, 59.) DWS consented to both extensions. (Docs. 34, 59.) This court granted both of plaintiffs' motions. (Docs. 35, 60.) Plaintiffs also sought additional time to reply to DWS's motion for summary judgment "solely due to Plaintiff's counsel's workload," to which DWS did not object. (Doc. 74.) This court granted plaintiffs' request. (Doc. 76.) Plaintiffs now oppose DWS's first motion to amend the scheduling order, which unlike both of plaintiffs' earlier motions, does not extend the trial date.[6] (Doc.

---

[5]On both occasions, plaintiffs sought an additional time "to complete discovery and prepare expert witness reports." (Doc. 54 at 2; Doc. 59.)

[6]The trial date was extended from September 27, 2010 to November 15, 2010 after plaintiffs' first motion to amend the case management order, (Docs. 31, 35), and then to March 14, 2011 after plaintiffs' second motion to amend the case management order. (Doc. 60.)

75.)  As discussed above, DWS has made the requisite showing for an extension, and plaintiffs' argument is without merit.[7]

**Motion to Quash Deposition**

Plaintiffs also move pursuant to Fed. R. Civ. P. 26(c)(1)(A) to quash DWS's request to depose plaintiffs' disclosed expert witness, William J. Cutler, Jr. (Doc. 80.)  DWS served plaintiffs its deposition request on September 8, 2010.  (Id. at 4-5.)  Plaintiffs argue that because DWS did not depose the witness before the August 15, 2010 deadline set forth in the second amended case management order (Doc. 60), DWS is barred from conducting the deposition.  (Doc. 80.)

Because DWS's motion to amend the scheduling order is sustained, DWS's deadline to depose plaintiffs' expert is extended.  Thus, plaintiffs' motion to quash (Doc. 80) is moot.  See, e.g., Gergick v. Austin, No. 89-0838-CV-W-2, 1992 WL 118747, at *1 (W.D. Mo. Mar. 13, 1992) ("The motion to quash the deposition subpoena . . . has been rendered moot by the amended scheduling order . . . .").

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiffs for sanctions for the failure of defendant Dealer Warranty Services, LLC, to timely disclose the discovery material (Doc. 63) is denied.

**IT IS FURTHER ORDERED** that the motion of defendant Dealer Warranty Services, LLC, to amend the case management order (Doc. 75) is sustained.  An amended case management order is attached hereto.

**IT IS FURTHER ORDERED** that the motion of plaintiffs to quash the deposition of its expert witness (Doc. 80) is denied.

---

[7] Plaintiffs also argue that DWS failed to cite Rule 16(b)(4) and any case law in their motion to amend the case management order.  (Doc. 77 at 3.)  DWS notes, however, that plaintiffs did not cite either Rule 16(b)(4) or applicable case law in either of their previous motions to amend the case management order.  (Doc. 78 at 2.)  For the reasons discussed above, plaintiffs' argument is without merit.

/S/    David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 27, 2010.